No. 3374. O'LEARY *v.* BRADLEY, November Term, 1893. These were motions made to this court—one by appellant to reinstate an appeal dismissed by the clerk for failure to file the return in time, and two by respondent, one to dismiss the appeal for failure to file case with the clerk of the Circuit Court within the required time, and one to dissolve an injunction against a

sale of property, issued by Mr. Justice Pope after the appeal had been dismissed by the clerk. It appeared that counsel on both sides had extended time to each other until August 8, 1893, when the case was settled by appellant's acceptance of all of respondent's proposed amendments. Time was then given to appellant to print his case, and it was agreed that such printed case should constitute the return. This time was finally extended until October 9. The appeal was dismissed by the clerk on October 12, the return not having been received by the clerk until October 18. On November 1, 1893, Mr. Justice Pope granted an order staying an advertised sale of appellant's property under the Circuit decree.

In support of his motion to reinstate the appeal, appellant submitted affidavits to the effect that he had an ill child for five weeks in August and September; that he had expected to have the case printed, and applied to all the home printers on October 2, but they declined, from pressure of business; that he then made arrangements elsewhere, believing that his client, in another State, had ample means, but then learned that his client was unable to pay for printing, and counsel had to have the case transcribed with pen and ink; that important business in the courts of another county kept him away from home from October 9 to 14, inclusive.

The court ruled as follows: The real question is, whether the appellant has made such a showing of "excusable neglect" as will entitle him under the rule of this court to have his appeal reinstated. If this is decided adversely, the motion of the respondent to dismiss under Rule 49 of the Circuit Court does not arise, and need not be considered. The motion to dissolve the order of injunction is dependent on the result of the first motion.

There is no doubt as to the right of the clerk to dismiss the appeal under Rule 1 upon the affidavit submitted to him, and no question has been raised as to that. It does seem to us, without going into all the minute details of this case, that the appellant has not shown any sufficient reason for his neglect. The notice of intention to appeal was given as far back as 27th April, 1893. But without discussing all the details, we are

impressed with the belief that there has not been shown any excusable neglect in appellant's failure to file his return, as required by the rule. The motion must, therefore, be refused.

The court granted the following order: "The appeal herein was dismissed by the clerk of this court under Rules 1 and 2, and the appellant (A. J. Bradley) moves to reinstate the appeal. The respondent resists the motion, and moves to dissolve the order of injunction herein, granted by Hon. Y. J. Pope, one of the Justices of this court, on November 1st, 1893, staying the sale of the land by the clerk of the Circuit Court for York County, in this State. After due consideration, ordered, that the motion to reinstate the appeal be refused; and, the motion to reinstate having been denied, ordered further, that the order of injunction, staying the sale of the land by the clerk of the Circuit Court for York County, be, and the same is hereby, dissolved. Let the papers be filed with this order."

PER CURIAM, January 3, 1894. *W. W. Thomson*, for appellant. *G. W. S. Hart*, contra.